# John Conley

*v.*

# The People of the State of Illinois.

Continuance—*when affidavit is sufficient it is error to refuse continuance in criminal case.* An affidavit for a continuance in a criminal case, where the defendant was arrested on the 9th of the month and kept in jail until the 14th of the same month, and then brought out for trial on an indictment found in the interim between the 9th and 14th, which states facts from which the court can see that a witness, whose name and residence is given, is absent without the consent or procurement of the accused, that he has used every possible means within his power to prepare for trial, and that he expects to be able to procure the attendance of the witness at the next term of court, and that the facts which are stated as expected to be proved by such witness are material to the defense, is sufficient, and it is error to refuse a continuance upon such an affidavit.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. WILLIAM S. FELKER, and Mr. CHESTER KINNEY, for the plaintiff in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Plaintiff in error was indicted, with others, for the crime of larceny, in obtaining money by a game called "three card monte," from one Edward Nelson. On the trial he was convicted, and sentenced to the penitentiary for a period of three years. Previous to the commencement of the trial the accused entered a motion for a continuance of the cause, which motion was based on an affidavit. That motion the court overruled, and its decision thereon is the only error assigned.

It appears defendant was arrested on the 9th day of June, charged with the crime mentioned in the indictment, and was immediately locked in the police station. On the next morning he was taken before a magistrate for examination. On his application the hearing of the cause was postponed to the 12th day of the same month. He was remanded to prison. In the meantime the present indictment was found by the grand jury of the county, which happened to be in session.

The accused states, in his affidavit, upon which his motion for a continuance was based, that he had been confined in jail from the time of his arrest, on the 9th day of June, until the morning of the 14th day of the same month, when he was brought out for trial, during which time he had had no opportunity to confer with counsel to prepare for his defense, until the morning of the trial. He alleges his entire innocence of the crime with which he is charged, and shows he could not then safely proceed to trial, on account of the absence from the State of a witness, whose name and residence he gives, by whom he expects to be able to prove facts indispensable to his defense.

On examination, we find the facts the accused expects to be able to prove by the absent witness are material to the defense;

that the witness was not absent by the consent or procurement of the accused; that he had used every possible means within his power to prepare for trial, and that he expected to be able to procure the attendance of the witness at the next term of the court.

In view of the fact the accused had been so recently arrested, and no opportunity afforded him to prepare for trial, we think the affidavit shows sufficient reasons for continuing the cause, and especially as that was the first and only application that had been made.

It was error in the court to overrule the motion of the accused for a continuance, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*